**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

UNITED STATES OF AMERICA    :
                                          :
                                          :
                                          :
v.                                        :         Case No.:       8:09-CR-77
                                          :
                                          :
JOSE DIAZ                             :
_____ :

**DEFENDANT JOSE DIAZ'S SENTENCING MEMORANDUM**

COMES NOW, the undersigned counsel, on behalf of the Defendant, JOSE DIAZ, and files this his sentencing memorandum that encompasses all remaining legal and factual objections, sentencing suggestions, and miscellaneous sentencing issues and, in support of said issues, states as follows:

I.      SENTENCING POSITION

      A.      The Defendant submits that a sentence of five (5) years is reasonable but not greater than necessary to adequately punish the Defendant, avoid unwanted disparity in sentencing, promote the rule of law, acknowledge the assistance provided by the Defendant and protect the community from the unlikely event of future crimes committed by this Defendant.

II.      LEGAL ANALYSIS FOR SENTENCING

      A.      In light of *United States v. Booker*, 543 U.S. 220 (2005) and *Gall v. United States*, 07-7949 (U.S. Sup. Ct. Dec. 10, 2007), the Defendant respectfully and humbly suggests this Honorable Court follow a three-step sentencing process in order to reach a reasonable but not greater than necessary sentence:

1.     Determine the applicable advisory federal sentencing guideline range.

2.     Determine whether, pursuant to the Sentencing Commission's policy statements, any departures from the advisory guideline range apply.

3.     Determine an appropriate sentence in light of the factors set forth in Title 18 U.S.C. Section 3553(a)(1)(3-7) each of which are to be considered with equal weight by a district court as it gives to the advisory federal sentencing guidelines.

    a.     However, it is important to note, that a district court need not rely on the 3553(a) factors detailed above and may instead sentence a defendant below the advisory federal sentencing guidelines on the *sole basis* that it disagrees with the advisory federal sentencing guidelines.

        1. The Defendant's 3553(a) analysis will be submitted by a second and separate legal memorandum.

III.     THE EFFECT OF *BOOKER V. UNITED STATES OF AMERICA*

A.     Pursuant to the United States Supreme Court decision of *Booker v. United States of America*, 125 S.Ct. 785 (2005), the Federal Sentencing Guidelines were deemed unconstitutional because their mandatory nature had judges, not juries, finding facts that the enhanced sentence of a defendant. The Supreme Court ruled this conflicted with the Sixth Amendment jury right of a defendant. As a result, the federal sentencing guidelines are now advisory rather than mandatory in nature.

B.     However, despite the Supreme Court of the United States in *Booker* and *Gall* reminding all federal district court judges that sentencing requires individualized

attention to each defendant, little immediately changed in federal sentencing according to the statistics on the Sentencing Commission's website.

1.   Prior to *Booker*, approximately 64% of all federal cases were sentenced within the guidelines while after *Booker* the number is 61.4%.

    a.   Worse still, two-thirds of the 38.6% of federal defendants sentenced below the guidelines were the result of government-sponsored motions based upon substantial assistance.

## IV.   THE EFFECT OF *GALL V. UNITED STATES OF AMERICA*

A.   Pursuant to the United States Supreme Court decision of *Gall v. United States*, No. 07-7949 (U.S. Ct. Dec. 10, 2007), the Supreme Court once again ordered that broad discretion be restored to federal district judges by stating that the guidelines are <u>not</u> presumed reasonable and thereby allowing them to impose the sentence they deem most appropriate after considering all of the sentencing factors set for in 18 U.S.C. Section 3553(a).

1.   Further, any appellate review of a district court decision should be made under the more deferential "abuse of discretion" standard than the previously used "de novo" standard of review.

2.   The Supreme Court of the United States again recognized in 2008 and 2009 that lower courts were still placing too much weight and emphasis on the advisory federal sentencing guidelines. In *Spears v. United States*, 2009 WL 129044 (Jan. 21, 2008), the Court emphasized that lower courts are in no way bound to apply the sentencing guidelines, and can impose a sentence lower than the guidelines even if that sentence is based solely on the district judge's disagreement with them:

> **"Even when a particular defendant . . . presents no special mitigating circumstances – no outstanding service to country or community, no unusually disadvantaged childhood, no overstated criminal history score, no post-offense rehabilitation – a sentencing court may nonetheless vary downward from the advisory guideline range . . . The only fact necessary to justify such a variance is the sentencing court's disagreement with the guidelines . . ."**

3. The Supreme Court did not stop with the above critique however and in a later decision, *Nelson v. United States*, 2009 WL 160585 (Jan. 26, 2009), it reversed the Fourth Circuit Court of Appeals for affirming a within-guidelines sentence because of the district court's statements at the defendant's sentencing hearing that "the guidelines are considered presumptively reasonable" and that "unless there's a good reason in the 3553(a) factors . . . the guideline sentence is the reasonable sentence."

   a. The Supreme Court explained in *Nelson*:

   > **"The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable. We think it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to Nelson's Guideline range. Under our recent precedents, that constitutes error."**

V. LEGAL OBJECTIONS AND REQUESTS FOR DOWNWARD DEPARTURES

   A. *Page 17, Paragraph 72.* The Defendant objects to a two level enhancement pursuant to USSG Section 2D1.1(b)(1) for possession of a firearm or dangerous weapon as possession of firearms and dangerous weapons by his co-defendants was not reasonably foreseeable given his instructions that no one involved in this conspiracy should possess a weapon or dangerous weapon. Further, upon the

search of his residence, after his arrest, of which the Defendant was unaware was going to happen, zero guns and zero dangerous weapons were found.

B.   *Page 21, Paragraph 90.* The Defendant requests a downward departure to criminal history category IV from the current criminal history category V. Pursuant to USSG Section 4A1.3, a district court may consider imposing a sentence departing from the otherwise applicable guideline range if reliable information indicates that a defendant's criminal history category does not adequately reflect a defendant's past criminal conduct or the likelihood that a defendant will commit other crimes.

  1.  In our matter, the Defendant has a significant criminal history however all of his convictions occurred between the ages of 18 and 22. The Defendant is now nearing 37 years old. While the Defendant acknowledges his convictions, he points out that none of his convictions (or unscoreable arrests or convictions) involved crimes of violence and that five of his scoreable convictions were misdemeanors. In the typical criminal history category V case that comes before the court, a defendant with a similar amount of prior convictions would have likely been to state or federal prison and had been convicted of crimes of violence. The Defendant however has never been to state or federal prison due to the relative nuisance nature of his crimes and as a result has not spent more than a month in a county jail.

  2.  Based upon the foregoing, the Defendant's criminal history more closely resembles a criminal history category VI than it does a criminal history V.

C.   The Defendant respectfully requests the district court grant the government's previously filed motion for a downward departure based upon his substantial assistance pursuant to USSG Section 5K1.1.

    1.   At this point, since the district court has not ruled upon the Defendant's objections and requests for downward departures and variances, because the Defendant's guideline range is higher than the mandatory minimum sentence of 120 months, the starting point is the bottom of the guidelines (140 months).

    2.   Once the government makes a 5K1.1 motion and it is granted by the district court, the government has no control over what extent the district court departs from the guidelines.

        a.   The Defendant respectfully requests a 10 level reduction if the district court denies his request for a criminal history category IV and an 8 level reduction if the district court grants his request for a criminal history IV.

        b.   Given the sensitive nature of the information needed by the district court to make a reasoned and fair decision on this issue, the Defendant respectfully requests the discussion over how many levels of reduction is appropriate given the Defendant's substantial assistance in this matter be discussed at the Defendant's sentencing hearing.

VII.   SUGGESTED SENTENCING OPTIONS

    A.   The Defendant respectfully requests that this Honorable Court grant the Defendant's objection and requests for downward departures to the Defendant's

advisory guideline score and sentence the Defendant to a term of imprisonment of five (5) years.

1.      The Defendant submits that this Court can accomplish this requested sentence in three distinct and separate ways:

     a.      Based upon a Title 18 Section 3553 analysis (submitted by separate analysis); and/or

     b.      Based upon USSG Section 5K1.1; and/or

     c.      Based upon the Defendant's requests for downward departures; and/or

     d.      Based upon the Defendant's stated objections; and/or

     e.      As the Supreme Court said in *Spears*:

> **"Even when a particular defendant . . . presents no special mitigating circumstances – no outstanding service to country or community, no unusually disadvantaged childhood, no overstated criminal history score, no post-offense rehabilitation – a sentencing court may nonetheless vary downward from the advisory guideline range . . . The only fact necessary to justify such a variance is the sentencing court's disagreement with the guidelines."**

## VIII.   REQUESTS FOR RECOMMENDATIONS AND MISCELLANEOUS ISSUES

A.      If incarceration is included in sentencing, the Defendant respectfully requests an FCI closest to Miami, Florida. Further, the Defendant respectfully requests that this Court state on the record the reasons why it is making said recommendation of a federal correctional institution closest in distance to Miami, Florida.

1.      The Bureau of Prisons welcomes judicial recommendations (see *BOP Program Statement 5100.07*) and by statute it is required to consider them.

18 U.S.C. Section 3621(a)(4)(B). Specifically, a prison nearest to Miami, Florida would be preferable because:

    a.      An FCI in the area of Miami, Florida would be within a day's drive of the Defendant's family and friends.

            1.)    Bureau statistics show that it honors judicial recommendations in the overwhelming majority of cases in which a defendant qualifies for a particular recommended institution if there are reasons on the record to support such a designation.

B.      The Defendant respectfully requests he be allowed to participate in the Residential Drug Abuse Program (RDAP). Even if the Court does not sustain the Defendant's objection to possession of a firearm and/or a dangerous weapon, the Defendant still desires to participate in the program even if he cannot take advantage of the early release offered by successful graduates of the program.

    1.      The Defendant is nearing 37 years old. He first used marijuana at age 15 and has used it continuously ever since. He also has consumed cocaine and abused alcohol.

    2.      The Defendant stated on page 23, paragraph 105 of his PSI that the majority of his bad decisions resulted from bad choices influenced by drugs and alcohol.

    3.      The Defendant desires assistance to combat his drug addictions, regardless of any collateral benefit of time off, so that once he is released he will not fall back into his old habits and thus way of life.

## <u>CONCLUSION</u>

WHEREFORE, the Defendant, JOSE DIAZ, by and through his undersigned counsel, respectfully requests this Court sentence the Defendant to five (5) years in prison.

By: /S/ Mark J. O'Brien
Mark J. O'Brien, Esquire
Florida Bar No.: 0160210
O'Brien Bower, PA
Bayshore Center
511 West Bay Street
Third Floor - Suite 330
Tampa, Florida 33606
Direct:            (813) 250-3533
Facsimile:        (866) 203-2532
Email: mjo@obrienbower.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY on August 6, 2010 I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing

to the following electronic mail address:

Jesus Casas
Assistant United States Attorney

By: /s/ <u>Mark J. O'Brien</u>